| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| MISS JONES LLC,<br><br>                                   Plaintiff,<br><br>             vs.<br><br>KEITH STILES, MOY RLTY, LLC, VAN HASSELT AUTO SERVICE,<br>                                   Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff, Miss Jones LLC (hereinafter "Plaintiff"), alleges by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, by way of its Complaint against the defendants as follows:

## NATURE OF THE ACTION

1.      This is an action to foreclose a mortgage encumbering property located at Section 47, Block 10056, Lot 3 on the Tax Map of the Town of Lewisboro, County Of Westchester, State of New York, more commonly known as 136 Elmwood Road, South Salem, New York, and which is more particularly described and identified by the legal metes and bounds description of the land included and improvements thereon described in Schedule A annexed hereto and made a part hereof (the "Mortgaged Property" or "Property").

## THE PARTIES

2.      Plaintiff is a limited liability company having an address at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

3.      Plaintiff is the holder of the Note and Mortgage (defined below).

4.      Defendant Keith Stiles is a natural person and a New York resident, having an address at 136 Elmwood Road, South Salem, New York, and is an obligor on the mortgage to be foreclosed (defined below) and the owner of the Property.

5.      Defendant Moy Rlty, LLC, having an address at 271 East 205th Street, Bronx, New York, has an interest in the Property as a subordinate mortgagee.

6.      Van Hasselt Auto Service Inc., having an address at 22 Roxbury Drive, Yonkers, New York, has an interest in the Property as a possible judgment creditor.

7.      Each of the above-named defendants (collectively "Defendants") have, claims to have, or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, and any such lien or interest is subject and subordinate to, the lien of the Mortgage.

**JURISDICTION**

8.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity jurisdiction.

9.      All named Defendants to this action are of diverse citizenship to Plaintiff:

(a)   Defendant Keith Stiles is a domiciliary of the State of New York.

(b)   Defendant Moy Rlty, LLC is a domiciliary of the State of New York.

(c)   Defendant Van Hasselt Auto Service Inc. is a domiciliary of the State of New York.

(d)   Plaintiff is a domiciliary of the State of Florida.

10.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs (see 28 U.S.C. §1332), in that the amount in controversy herein is $338,327.00, the unpaid principal balance of the loan, exclusive of costs and interest thereon.

**VENUE**

11.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) as all of the named defendants to this action either reside and/or have a place of business in the State of New York.

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial

part of the events and omissions giving rise to the claims in this action occurred in this District and the Mortgaged Property which is the subject matter of the action is wholly situate in this District.

## THE LOAN TRANSACTION

13.    On or about July 7, 2007, defendant Keith Stiles executed and delivered to National City Bank, a federally chartered savings bank, its successors and/or assigns, a promissory note ("Note") evidencing a loan made to Mortgagor in the principal amount of three hundred fifty thousand dollars and zero cents ($350,000.00) with interest as provided therein.

14.    On or about July 7, 2007, defendant Keith Stiles ("Mortgagor") duly executed, acknowledged, and delivered a mortgage ("Mortgage") to National City Bank for the purpose of securing payment of the indebtedness set forth in the Note, wherein and whereby Mortgagor mortgaged the Property to National City Bank.

15.    On October 25, 2007, the Mortgage was duly recorded in the Office of the Westchester County Clerk at Control Number 472920098 and the requisite mortgage recording tax and all other fees were duly paid thereon.

16.    On or about September 3, 2010, PNC Bank, N.A., Successor by Merger to National City Bank assigned the Mortgage to DBI/ASG Mortgage Holdings LLC ("Assignment No. 1") and on October 11, 2016, Assignment No. 1 was duly recorded in the Office of the Westchester County Clerk at Control Number 562843115.

17.    On or about September 22, 2016, DBI/ASG Mortgage Holdings LLC assigned the Mortgage to Plaintiff ("Assignment No. 2") and on October 11, 2016, Assignment No. 2 was duly recorded in the Office of the Westchester County Clerk at Control Number 562843119.

18.    The Note was transferred to Plaintiff.

19.     The Mortgage constitutes a valid and binding second lien on the Mortgaged Property enforceable in accordance with its terms, with priority superior in right to that of any other named party.

20.     To-date, Plaintiff remains the owner and holder of the Note and Mortgage.

## OTHER TERMS OF THE LOAN DOCUMENTS

21.     The Note and the Mortgage state that if the Mortgagor does not pay the full amount of each monthly payment on the date it is due, they will be in default.  In such an event, the holder of the Mortgage may send a notice of default to the Mortgagor, letting them know that the overdue amount must be paid by a certain date.

22.     The Note and Mortgage further provide that the holder of the Mortgage may accelerate the entire principal amount outstanding and accrued interest in the event the Mortgagor fails to pay the overdue amount.

23.     The Note, in the paragraph entitled "Termination of Line" states that:

> Bank can terminate your Line and require you to pay the entire outstanding balance in one payment if you breach a material obligation of this Agreement in that . . . "[y]ou do not meet the repayment terms of this Agreement."

24.     Paragraph 8 of the Mortgage, entitled "Default" states, that "Mortgagor will be in default if any of the following occur: . . . "[a]ny Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due."

25.     Paragraph 9 of the Mortgage, entitled "Remedies on Default" provides that "[l]ender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Mortgagor is in default."

## DEFAULT AND NOTICES

26.     On February 1, 2011, Mortgagor failed to comply with the terms and provisions

of the Note and Mortgage by failing to make the monthly installment payment due on that day required by the Note and Mortgage, and by failing to make all subsequent monthly installment payments due thereafter.

27.     On August 29, 2016, notices were sent to Mortgagor, notifying Mortgagor of his failure to make the payments and setting forth the amount due to cure the default.

28.     On August 29, 2016, pursuant to the provisions of New York Real Property Actions and Proceedings Law (hereinafter "RPAPL") §1304, ninety (90) day pre-foreclosure notices were sent to Mortgagor.

29.     Pursuant to the provisions of RPAPL §1306, Plaintiff timely filed a copy of the ninety (90) day pre-foreclosure notice with the New York State Department of Financial Services.

30.     The default alleged above constitutes Mortgagor's failure to keep the promises and agreements made in the Note and Mortgage, and have not been cured, notwithstanding the notification sent and filed.

31.     Mortgagor's default continues through the date of this Complaint, unabated.

## ACCELERATION AND FORECLOSURE

32.     Plaintiff therefore elects, and hereby elects, to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage immediately due and payable.

33.     As of August 29, 2016, there was due and owing to Plaintiff the unpaid principal sum of $338,327.00, plus interest thereon, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court, a Referee, or a Special Master.

34.    Pursuant to the provisions set forth in paragraph 10 of the Mortgage (entitled "Expenses; Advances on Covenants; Attorneys' Fees; Collection Costs"), Plaintiff also seeks recovery of all reasonable attorneys' fees incurred in connection with this foreclosure action.

35.    During the pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges affecting the Mortgaged Property, and Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and adjudged a valid lien upon the Mortgaged Property.

36.    No other action has been commenced at law or otherwise that is still pending for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage.

37.    In the event Plaintiff possesses any other lien(s) against the Mortgaged Property, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's claim(s) set forth in this Complaint, but that Plaintiff enforces said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings following a foreclosure sale in this matter.

38.    Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:

   a.  Any state of facts that an inspection of the Mortgaged Property would disclose;
   b.  The state of facts that surveys of the Mortgaged Property might disclose;
   c.  Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
   d.  Covenants, reservations, restrictions, easements and public utility agreements of record, if any;
   e.  Building and zoning ordinances of the municipalities in which the Mortgaged Property are located and possible violations of same;
   f.  All rights of tenants or persons in possession of the Mortgaged Property other

than tenants, if any, named as defendants in this action;

    g.   Any equity of redemption of the United States of America, to redeem the Mortgaged Property or any part thereof after the date or sale; and

    h.   Prior liens of record prior to the Mortgage, if any.

39.    If it becomes necessary to protect the security and the lien of the Mortgage and its priority and the rights of a purchaser at the foreclosure sale, for Plaintiff to pay taxes, assessments, vault charges, water and sewer charges, plus interest and penalties thereon, that are or may become liens upon the Mortgaged Property (including purchase and/or redemption of liens and certificates sold at tax sales), taxes, and other charges that must be paid as a prerequisite to recording the referee's deed in foreclosure, premiums of insurance policies and other charges, costs of service, repairs, and maintenance incurred for protection of the security, then Plaintiff hereby demands that any monies that may so be expended shall be added to the amount evidenced and secured by the Mortgage, or any judgment of foreclosure and sale entered herein, together with interest thereon from the time of such payment and that the same be paid to Plaintiff from the proceeds of the foreclosure sale herein.

40.    Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

**WHEREFORE**, Plaintiff demands judgment that Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged Property and each and every part and

parcel thereof; that the Mortgaged Property may be decreed to be sold in one parcel subject to the matters set forth herein, and that the monies arising from such sale may be brought into Court; that Plaintiff may be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs, allowances and disbursements of this action, and together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon the said amounts from the dates of the respective payments and advances thereof, and Plaintiff's reasonable attorney's fees and costs, so far as the amount of such monies properly applicable thereto will pay the same, and that defendant Keith Stiles may be adjudged to pay any deficiency remaining after the application of such monies as aforesaid, and that Plaintiff may have such other and further relief herein as may be just and proper.

Dated:  New York, New York
        February 24, 2017

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Plaintiff MISS JONES LLC*


By: _____
              Andrew L. Jacobson, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000

## SCHEDULE A

### Legal Description

**Section 47  Block 10056 and Lot 3**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Lewisboro, County of Westchester and State of New York, bounded and described as follows:

BEGINNING at a point on the Westerly side of the highway leading from New Canaan to Ridgefield, known as Elmwood Avenue, at the Northeasterly corner of the lands now or formerly of Helen R. Krapowicz and others, formerly of Elias H. Hoyt;

RUNNING THENCE along the last mentioned land, the center of a stone wall, the following courses and distances:

South 81 degrees 38 minutes 20 seconds West, 81.64 feet;
South 85 degrees 36 minutes 40 seconds West, 19.60 feet;
South 80 degrees 42 minutes 30 seconds West, 32.76 feet;
South 18 degrees 50 minutes 50 seconds West, 27.64 feet;
South 15 degrees 55 minutes 40 seconds West, 39.97 feet;
South 00 degrees 06 minutes 20 seconds West, 10.85 feet;
South 25 degrees 49 minutes 40 seconds East, 10.67 feet;

THENCE South 53 degrees 15 minutes 50 seconds West, still along the lands now or formerly of Helen R. Krapowicz and others and partly along the centerline of a stone wall and through a pipe driven in the ground, 73.59 feet to a point in the centerline of a brook;

THENCE North 19 degrees 08 minutes 40 seconds West still along the last mentioned land and along the centerline of said brook, 84.29 feet;

THENCE North 65 degrees 29 minutes 20 seconds West, still along the last mentioned land and over a ledge of rocks, 74.97 feet to a white oak tree, 18" in diameter;

THENCE along the last mentioned land and partly along the centerline of a cart path, the following courses and distances:

North 77 degrees 53 minutes 00 seconds West, 72 feet;
North 71 degrees 15 minutes 30 seconds West, 40.26 feet;

THENCE on a curve to the right with a radius of 55 feet, a distance of 52.22 feet;

THENCE on a curve to the left with a radius of 240 feet, a distance of 88.88 feet;

THENCE on a curve to the right with a radius of 55 feet over a stone bridge, a distance of 34.40 feet;

THENCE North 1 degree 11 minutes 30 seconds West still along the aforesaid lands now or formerly of Helen R. Krapowicz and others, 132.65 feet to a point on the top of a ledge of rocks;

THENCE North 16 degrees 14 minutes 30 seconds West still along the last mentioned lands, 247.34 feet to a stone pile on a ledge of rocks and the Easterly side of land now or formerly of Conent Realty Corporation;

THENCE along said last mentioned land, North 00 degrees 03 minutes 50 seconds West, a distance of 437.99 feet to lands conveyed by Lazarus S. Heynan to Lillian Rosenson and Diana Jeffer by deed dated May 11, 1950, and recorded May 12, 1950, in Liber 4855 of Deeds at Page 26;

THENCE along said last mentioned land, South 85 degrees 43 minutes 00 seconds East, a distance of 550.21 feet to the aforesaid Westerly side of Elmwood Avenue;

THENCE along the said Westerly side of Elmwood Avenue, South 00 degrees 47 minutes 00 seconds East, a distance of 87.12 feet to a hedge;

THENCE still along the Westerly side of the last mentioned highway, partly along said hedge ad partly along a third stone wall, South 01 degree 46minutes 20 seconds East, 425.47 feet to the Northerly side of land now or formerly of Margaret R. Everard, formerly of Fanney W. Weed, and a stone wall;

THENCE along the last mentioned land and said stone wall, the following courses and distances:

North 76 degrees 37 minutes 40 seconds West, 52.14 feet;
North 75 degrees 35 minutes 00 seconds West, 51.09 feet;
North 76 degrees 42 minutes 30 seconds West, 63.24 feet;
North 77 degrees 40 minutes 20 seconds West, 84.90 feet to the shore line of a pond;

THENCE along the shore line of said pond, the following courses and distances:

South 03 degrees 15 minutes 20 seconds West, 55.42 feet;
South 17 degrees 06 minutes 20 seconds East, 36.27 feet;
South 01 degree 48 minutes 20 seconds East, 24.12 feet;
South 06 degrees 50 minutes 50 seconds West, 64.17 feet;

South 17 degrees 05 minutes 10 seconds East, 32.75 feet;
South 18 degrees 26 minutes 40 seconds East, 51.01 feet;
South 07 degrees 36 minutes 50 seconds West, 46.34 feet;
South 08 degrees 11 minutes 20 seconds East, 57.64 feet;
South 60 degrees 28 minutes 50 seconds East, 10.76 feet;
South 34 degrees 06 minutes 40 seconds East, 22.65 feet to the Southerly side of the aforesaid land now or formerly of Margaret R. Everard;

THENCE along the last mentioned land, partly along a stone wall, the following courses and distances:

South 78 degrees 19 minutes 50 seconds East, 102.78 feet;
South 24 degrees 38 minutes 00 seconds East, 13.79 feet;
North 84 degrees 23minutes 40 seconds East, 91.63 feet to the Westerly side of the first;

THENCE along the Westerly side of said highway, South 08 degrees 28 minutes 50 seconds West, 32.49 feet;

THENCE South 01 degree 34 minutes 30 seconds West, 31.53 feet to the point and place of BEGINNING.

**Premises known as 136 Elmwood Road, South Salem, New York**

## NOTICE PURSUANT TO THE FAIR DEBT
## COLLECTIONS PRACTICES ACT,
## <u>15 U.S.C. SECTION 1692 AS AMENDED</u>

1.      There is, as of August 29, 2016, due and owing pursuant to the promissory note and mortgage as modified, as described in the Complaint: the aggregate sum of $338,327.00 for unpaid principal balance, plus accrued unpaid interest, escrow/impound shortages or credits, late charges, legal fees/costs and miscellaneous charges and disbursements, which are not included in the above sum.  Per Diem interest continues to accrue, in addition to other sums.

2.      The Plaintiff is the creditor to whom the debt is owed.

3.      The debt described in the Complaint attached hereto will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4.      If the Debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the Debtor by the Creditor's law firm.

5.      If the Creditor that is named as the assignee (holder) of the Mortgage in the attached complaint is not the original creditor, and if the Debtor makes written request to the Creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the Debtor by the Creditor's law firm.

6.      Written request should be addressed to the attorney whose signature, name and address appear below.

7.      This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: New York, New York
       February 24, 2017

                **WINDELS MARX LANE & MITTENDORF, LLP**
                *Attorneys for Plaintiff MISS JONES LLC*

By: _____
               Andrew L. Jacobson, Esq.
     156 West 56th Street
     New York, New York 10019
     (212) 237-1000