USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MISS JONES LLC,

                  Plaintiff,

  -against-

KEITH STILES, MOY RLTY, LLC, VAN HASSELT AUTO SERVICE,

                  Defendants.

No. 17-cv-1450 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Miss Jones LLC ("Plaintiff" or "Miss Jones") brings this action against Defendant Keith Stiles ("Defendant" or "Stiles"), as well as Defendants Moy Rlty, LLC and Van Hasselt Auto Service (the "Non-Appearing Defendants"), to foreclose on a mortgage. Presently before the Court is Defendant's motion to modify a receiver order issued by the Court on December 5, 2019.

    For the following reasons, the Defendant's motion is DENIED.

## BACKGROUND

    On April 16, 2019, Plaintiff served a motion for appointment of a receiver, which Defendant opposed. (ECF No. 77-80.) On July 10, 2019, the Court issued an opinion granting Plaintiff's motion for a receiver. (ECF No. 86.) The Court ordered Plaintiff to recommend three individuals to act as receiver by July 17, 2019 and Defendant to file any opposition to those individuals by July 19, 2019. (*Id.*) On July 17, 2019, Plaintiff recommended three individuals as potential receivers. (ECF No. 88.) Defendant did not object to any of the potential receivers. On September 27, 2019, the Court issued an order appointing a receiver ("Receiver-1"). (ECF No. 95.) The order, among other things, required Defendant to pay "all security deposits and the rents

now due and unpaid or hereafter to become due" to Receiver-1, and required the Defendant to tender complete copies of existing leases to the receiver. (*Id*.)

On November 27, 2019, Plaintiff notified the Court that Receiver-1 had fallen ill and was unable to continue to serve as receiver. (ECF No. 101.) Plaintiff requested that the Court appoint a new receiver ("Receiver-2"). (*Id*.) The Plaintiff further indicated that Defendant "had [his tenant, Lisa Lancia,] pay the rent upfront for one (1) year, through the end of July of 2020." (*Id.*) To support this claim, Plaintiff attached emails from Ms. Lancia in which she indicated that she made a "[f]inal payment in July 2019" and the "rent is paid until 31 July, 2020." (*Id.*) Plaintiff alleged that Defendant entered into the upfront lease agreement in July 2019 in anticipation of the Court's order and with the intention of circumventing the order. (*Id.*) Plaintiff provided a proposed order that included two additional provisions: (1) that Defendant turn over all rents collected since April 22, 2019,[1] as opposed to September, 27, 2019 and (2) set forth consequences for failure to comply, including holding Plaintiff in contempt. (*Id.*) Defendant did not oppose Plaintiff's request and the Court entered the proposed order on December 5, 2019.

On January 27, 2020, Defendant sent a letter to the Court, requesting that the Court remove the two new provisions.  (ECF No. 107.) On January 30, 2020, Plaintiff requested to file a motion for sanctions pursuant to the Court's order. (ECF No. 110.) On February 10, 2020, the Court granted Plaintiff's request and set a briefing schedule. (ECF No. 117.) On March 2, 2020,

---

[1] This date was chosen because Defendant was served with the motion for appointment of a receiver on April 16, 2020.

Defendant served its motion to amend the receiver order on the Plaintiff. (ECF No. 150.) On March 16, 2020, Plaintiff served its motion for sanctions on the Defendant. (ECF No. 137.)

## DISCUSSION

Defendant's Counsel admits to receiving a copy of the proposed order, which included these two challenged provisions, on or about November 27, 2019. (ECF No. 158.) He indicates that he "glanced at the first page of the cover letter and of the proposed order" and "did not read the entire letter from counsel, nor the entire proposed order." (*Id.*) He admits that he "did not serve or file any opposition to the items of November 27, 2019" and states he was "careless or perhaps too trusting of opposing counsel." (*Id.*) Defendant indicates that after the order was signed, his client brought the additional paragraphs to his attention. (*Id.*)

Defendant does not attach a memorandum of law, cite to any legal authority, or allege that the amendment to the receiver order was unlawful in any way. Instead, Defendant's Counsel indicates that he failed to raise an objection, namely that Plaintiff misled the Court, and now raises the issue two months later. (*Id.*)[2] The November 2019 request from Plaintiff to appoint a new receiver consisted of a two-page cover letter and a four-page proposed order. Defendant's Counsel failed to fully read either document. Plaintiff clearly enumerated its proposed changes in the cover letter. Because Defendant's opposition is not timely and because Defendant does not argue a legal basis for modification of the order, the request is denied.

---

[2] Defendant disputes allegations that Defendant and Lancia entered into an agreement to pay rent upfront in order to circumvent the Court's order and submits affidavits from Defendant and Lisa as evidence. (ECF No. 157.) Defendant asserts that upfront payments for discounted rent were the standard operating procedure between Defendant and Lisa Lancia and includes affidavits to that effect. (*Id.*) Defendant claims Plaintiff was aware of this fact and misled the Court.

3

## CONCLUSION

For the foregoing reasons, Defendant's motion to modify the Court's December 5, 2019 Order Appointing a Receiver (ECF No. 150) is DENIED. A decision on Plaintiff's cross motion for contempt (ECF No. 137) will be issued at a later date.

The Clerk of Court is directed to terminate the motion at ECF Nos. 150.

Dated:   October 9, 2020                     SO ORDERED:
           White Plains, New York

NELSON S. ROMÁN
United States District Judge