UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MISS JONES, LLC,	Case No. 7:17-cv-01450(NSR)

       Plaintiff,	**RECEIVER'S REPORT AND
	MOTION FOR ORDER OF
	RECEIVERSHIP
	TERMINATION**

  -v-

KEITH STILES, MOY RLTY, LLC, VAN HASSELT
AUTO SERVICE,
       Defendants.
------------------------------------------------------------------X

  John W. Buckley, Esq. as Receiver of the property located at 136 Elmwood Road, South Salem, New York pursuant to this Court's Appointment Order, dated December 5, 2019, hereby submits his Report as set forth in this Motion and the Accounting. In connection with the Receiver's submission of the Report and Accounting, attached as Exhibit 1 to the Report, the receiver hereby moves for an Order approving the wind up and termination of the receivership, including an Oder granting the following relief:

  1. an Order approving the receiver's Report and Accounting;

  2. an Order approving and confirming all actions taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate;

  3. an Order (a) approving all receivership expenses incurred during the term of the receivership, (b) approving and authorizing payment of all Receiver's professional fees from December 5, 2019 through May 26, 2022. Over the term of the receivership, the professional fees earned were $1,462.12, of which $357.30 remains unpaid as of the date of this motion and (c) authorizing distribution of the remaining assets of the receivership estate, after payment of

the Receiver's unpaid professional fees, by distributing the remaining receivership assets (the "net remainder") to the plaintiff, consistent with the December 5, 2019 Appointment Order.

4. An Order effective upon the payment of the net remainder to the plaintiff directing that the Receiver be (a) discharged; (b) released from any and all claims and liabilities arising out of and/or pertaining to the receivership herein and (c) relieved of all duties and responsibilities pertaining to the receivership previously established in this action;

5. An Order deeming notice of this motion to be sufficient based on service of the motion on all parties or their counsel and

6. An Order for such other and further relief as may be reasonable or appropriate in connection with the wind up and closure of the receivership estate.

The Receiver submits that good cause exists for the relief sought herein based on the following:

## I. **INTRODUCTION AND SUMMARY OF RECEIVERSHIP CASE**

On December 15, 2019, this Court entered an Order appointing John W. Buckley, Esq. as Receiver over the property located at 136 Elmwood Road, South Salem, New York for the benefit of the plaintiff of all security deposits, rents and profits now due and unpaid or to become due and unpaid pending this action. The Order further authorized the Receiver, among other things, to demand and collect all rents and security deposits, to lease the property, to evict and obtain new tenants for the property and to collect from the defendant Keith Stiles ("Stiles"), all rents collected from Lisa Lancia, (the "tenant") the tenant in possession of the property, from April 22, 2019, the date of plaintiff's service of its motion for a Receiver.

Defendant Stiles has not paid over either rent collected since April 22, 2019 or any security deposit paid by the tenant. In his December 19, 2019 e-mail to me, Stiles advised me that he did

not hold any security deposit and that he had collected a total of $7,185 in rent from the tenant Lancia between May, 1, 2019 and July 8, 2019. He further advised that he did not have the $7,185 to pay over to me as Receiver and appears to represent that he had not collected any rent between July 8, 2019 and December 19, 2019. See Exhibit 2.

According to an Amended Lease Rider, dated February 2, 2019, the tenant released the security deposit to Stiles and agreed to pay him $32,000 in consideration for an extension of an existing lease through July 31, 2020 and discounted rent in the amount of $3,000 per month in 10 of the 19 months of the extended lease term. See Exhibit 3.

On or about January 20, 2020, I telephoned the tenant to advise her that I had been appointed Receiver of the property and that future rent payments were to be made to me. The tenant advised me that she had prepaid the lease through July 31, 2020 and offered a copy of the Amended Lease Rider as proof of Stiles' acceptance of this arrangement. The tenant further advised that she had maintained the property at her own cost and expense and had paid for fuel oil and furnace maintenance over the course of the lease term and would continue to do so.

Due to the existence of the Amended Rider and tenant's representation that rent had been pre-paid through July 31, 2020, my immediate concern was how to pay insurance and taxes on the property. Based on email and telephone exchanges with plaintiff's counsel in January and February 2020, I determined that the plaintiff was maintaining insurance on the property and paying real estate taxes.

On September 9, 2020, I telephoned the tenant to advise her that the lease had expired and that she had not paid August rent. She requested a lease extension and explained that her failure to pay the August rent was caused by a loss of business related to the COVID-19 pandemic.

Based on the COVID related New York State restrictions on residential evictions in place at the time, I determined that it was best to try to keep the existing tenant in place to maintain the property in its existing condition.

Following a negotiation conducted over a number of telephone conversations between September and November 2020, the tenant agreed to enter into a new lease beginning in December 2020 with a $20,000 prepayment to cover the unpaid months of August through December and $4,000 per month for the balance of the lease term. Based on these negotiations, I drafted a one-year term lease agreement and presented it to the tenant for execution. The tenant failed to execute this lease agreement. See Exhibit 4.

Between January 4, 2021and September 14, 2021, the tenant made a total of 7 lease payments totaling $22,096.53. As required by the Order, I paid the entirety of the $22,096.53 rental income to Zimmerman Law, P.C. plaintiff's counsel. Zimmerman Law returned a total of $1,104.82 as Receiver's 5% commission earned from these rental payments. As of October 20, 2021, there was a zero balance in the receivership estate. See Exhibit 1.

After September 14, 2021, the tenant failed to respond to my repeated phone calls and letters seeking payment of the unpaid rent.

On January 28, 2022, I received a telephone call from a Steven Williams ("Williams") who identified himself as a sub-tenant of the property. This was my first conversation with Williams and my first notification that there was a sub-tenant. I had been repeatedly told by both the tenant and Stiles that there was never a sub-tenant on the property. In our phone conversation, Williams advised me that the tenant had moved out of the premises on December 31, 2021 and that the oil tank was dry and the furnace inoperable. It should also be noted that the tenant failed to notify

me of her impending vacancy of the premises on December 31, left no forwarding address and has not responded to multiple phone mail messages from me.

Williams represented that he had a month-to-month sub-tenancy relationship with the tenant and had been paying her $1,750 per month. Williams also told me that he had paid the tenant rent to cover his January 2022 occupancy. Based on Williams representations and his promise to pay the receivership estate $1,750 a month beginning on February 1 and in recognition of an impending winter storm and frigid conditions between January 28 and February 1, I determined that there was a danger of significant damage to the property caused by the lack of heat and decided to commit the receiver's estate to those expenses necessary to carry the property until the sub-tenant made his first rental payment on February 1. Between January 28 and February 7, 2022, I committed $1,973.60 of the receivership estate's anticipated rental income to pay for necessary furnace repairs and oil deliveries. See Exhibit 5.

On February 7, 2022, I met with Williams at the property to inspect it and to discuss his sub-tenancy. Upon inspection of the property, I concluded that it could not be leased in its current condition and cancelled an appointment with a local realtor who had been scheduled to view the property for the purpose of determining its suitability for rental.

Between February 15 and May 13, 2022, Williams paid a total of $7,146.00 to me. See Exhibit 1.

As of May 13, 2022, the receivership estate had a balance of $2,557.23 (the $7,146.00 in rental income between February and May 2022 less the $1,973.60 advanced by the receivership estate plus $2,615.17 in additional fuel oil and repair expenses incurred between February 8 and May 13, 2022). See Exhibit 1.

On May 29, 2022, Jeffrey Klein, counsel for Stiles, emailed me to advise that the Court had granted Stiles' motion for Summary Judgment and had further directed the Westchester County Clerk to discharge the mortgage upon which the instant action to foreclose was predicated. In the absence of notice that plaintiff has taken an appeal from the Court's Order, I have concluded that the necessity of maintaining the Receivership has ended.

## II.  WIND-UP MOTION AND FINAL FEE MOTION

This is the Receiver's final wind-up motion as well as the final motion for approval of outstanding fees and expenses. As detailed above, the Receiver has completed his duties and recommends that the Court terminate the receivership, authorize the Receiver's deduction of $357.30 in professional fees from the receivership estate balance of $2,557.23 and direct that the estate be closed upon the release of the final estate balance of $2,199.93.

The Receivership requests the Court's instruction as to whom he should release the final receivership estate balance. The December 5, 2019 Order directs that all rental income earned during the course of the action be paid to the plaintiff. However, the Court's grant of the Stiles' summary judgment motion raises a number of questions as to whom the Receiver should pay the final receivership estate balance.

WHEREFORE, based upon this motion and its exhibits which are concurrently filed, the Receiver respectfully requests that the Court grant the relief requested in this motion.

Dated : December 21, 2022
White Plains, NY

_____
JOHN W. BUCKLEY, ESQ. (NY #1513381)
Buckley & Gerry, LLP
120 Bloomingdale Road, Suite 100
White Plains, NY 10605
914-422-3900
johnbuckley@buckleygerry.com